United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41511
Summary Calendar

LELIA C. PETTIGREW,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social Security; ET AL.,

Defendants,

VERNON ARRELL, Commissioner of Rehabilitation Commission
of Texas, sued in his official capacity under contract with SSA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-266
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Leila C. Pettigrew appeals the district court's dismissal of his claims against Vernon Arrell, the Commissioner of the Texas Rehabilitation Commission (TRC). Pettigrew argues that the district court had jurisdiction over his claims against Arrell pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1383(c)(3).

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the district court, Pettigrew explicitly abandoned his claim that the district court had jurisdiction over his claims against Arrell pursuant to the Social Security Act as provided for in 42 U.S.C. § 1383(c)(3). Moreover, the district court's grant of Arrell's second motion to dismiss was based not on lack of subject matter jurisdiction under 28 U.S.C. § 1331 but on the magistrate judge's determination that Pettigrew failed to argue in his brief to the district court that Arrell unconstitutionally used the framework analysis. Pettigrew does not argue on appeal that the district court erred when it dismissed his 28 U.S.C. § 1331-based claims against Arrell based on Pettigrew's abandoning them by failing to brief them in the district court. He has therefore waived this issue on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Pettigrew's argument that he should not be required to exhaust administrative remedies on remand lacks merit inasmuch as he has already exhausted his administrative remedies. see Harper v. Bowen, 813 F.2d 737, 739 (5th Cir. 1987).

AFFIRMED.